IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:11-CV-22-D

| | | |
|---|---|---|
| JERMAINE HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

On July 6, 2012, Magistrate Judge Gates issued a Memorandum and Recommendation ("M&R") [D.E. 33]. In the M&R, Judge Gates recommended that the court deny Jermaine Hall's ("Hall" or "plaintiff") motion for judgment on the pleadings [D.E. 27], grant Michael J. Astrue's ("Commissioner" or "defendant") motion for judgment on the pleadings [D.E. 30], and affirm the Commissioner's final decision. On July 23, 2012, plaintiff filed objections to the M&R [D.E. 34]. On August 3, 2012, the Commissioner responded to plaintiff's objections [D.E. 35].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and plaintiff's objections. As for those portions of the M&R to which plaintiff made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the disputed portions of the M&R. A district court reviewing the Commissioner's final decision to award or deny disability benefits considers only whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is evidence that "a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." United Seniors Ass'n, Inc. v. Soc. Sec. Admin., 423 F.3d 397, 404 (4th Cir. 2005) (internal quotation marks and citations omitted).

This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court's review is limited to whether the Commissioner analyzed the relevant evidence and sufficiently explained his findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

First, Hall objects to Judge Gates's conclusion concerning Listing 12.05C. See Pl.'s Objections 1–7. To meet Listing 12.05C, Hall must satisfy three requirements, see M&R 7–8, and the failure to satisfy any one of these requirements dooms Hall's attempt to meet the listing. See Hancock v. Astrue, 667 F.3d 470, 475 (4th Cir. 2012). Judge Gates held that because there was substantial evidence supporting the ALJ's determination that Hall did not satisfy the first

2

requirement, Hall's IQ test, which was relevant to the second requirement, was immaterial. See id. 8–11. Hall simply asserts that "there is no serious dispute" that Hall satisfied the first requirement and, therefore, Hall's prior IQ test is material to the second requirement. Pl.'s Objections 7. Hall is wrong. After reviewing the record, the court agrees with Judge Gates's determination that substantial evidence supports the ALJ's finding that Hall did not satisfy the first requirement. See M&R 8–10. Thus, Hall's argument fails.

Second, Hall contends that Judge Gates and the ALJ erred in analyzing Hall's subjective complaint of pain. See Pl.'s Objections 9–10. Hall misreads the ALJ's decision and the M&R. A party seeking benefits need not provide objective medical evidence to corroborate his allegations of pain. See, e.g., Hines v. Barnhart, 453 F.3d 559, 565 (4th Cir. 2006); Craig v. Chater, 76 F.3d 585, 595 (4th Cir. 1996), superseded by regulation on other grounds, 20 C.F.R. § 416.927(d)(2); Hyatt v. Sullivan, 899 F.2d 329, 337 (4th Cir. 1990). However, an ALJ may discredit a party's allegations of pain to the extent the allegations are inconsistent with (1) objective medical evidence of the underlying impairment or (2) the pain reasonably expected to be caused by the underlying impairment. See, e.g., Hines, 453 F.3d at 565 n.3; Craig, 76 F.3d at 595. Here, the ALJ did not require Hall to produce objective medical evidence of his alleged pain. Rather, as Judge Gates thoroughly discussed in the M&R, see M&R 16–19, the ALJ discredited Hall's subjective complaints of pain because his allegations conflicted with the available objective medical evidence. See Tr. 27–28.

Third, Hall disputes Judge Gates's statement that "[a]n ALJ is not, of course, a layman when acting as an ALJ, but is charged, in this context, with the task of evaluating whether the objective evidence is consistent with the intensity of the symptoms a claimant alleges." M&R 17; see Pl.'s Objections 7–8. Hall argues that "[c]ases are legion that say an ALJ *is* a mere layman, and that he

3

may *not* play doctor." Pl.'s Objections 8 (emphasis in original). Hall rips Judge Gates's statement from its context. In the M&R, Judge Gates was responding to Hall's original argument that "a layman" would not be able to discredit Hall's allegations of pain. See M&R 17. In responding to this argument, Judge Gates merely noted that, unlike a typical layman, the ALJ was able to consult medical evidence when evaluating Hall's allegations of pain. See id. Judge Gates did not misstate the role of the ALJ. See, e.g., Hines, 453 F.3d at 565 n.3; Craig, 76 F.3d at 595.

Plaintiff's objections to the M&R [D.E. 34] are OVERRULED, and the court adopts the M&R [D.E. 33]. Accordingly, plaintiff's motion for judgment on the pleadings [D.E. 27] is DENIED, defendant's motion for judgment on the pleadings [D.E. 30] is GRANTED, and defendant's final decision is AFFIRMED. The clerk shall close the case.

SO ORDERED. This 28 day of August 2012.

JAMES C. DEVER III
Chief United States District Judge